UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-588-FDW

| | |
|---|---|
| JAMONTE D. BAKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RODNEY D. MONROE, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

## I. BACKGROUND

Pro se Plaintiff Jamonte D. Baker is a North Carolina inmate currently incarcerated at Lanesboro Correctional Institution. Plaintiff is serving a 321-month sentence after a jury convicted him on November 7, 2013, of five counts of robbery with a dangerous weapon, one count of conspiracy to commit robbery with a dangerous weapon, and one count of possession of a firearm by a felon. On February 17, 2015, the North Carolina Court of Appeals affirmed Plaintiff's conviction and sentence. North Carolina v. Baker, No. COA14-501, 2015 WL 680351 (N.C. Ct. App. Feb. 17, 2015).

In this action, filed pursuant to 42 U.S.C. § 1983, Plaintiff attempts to bring claims against Defendants for violations of numerous of his state and federal constitutional rights, including his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution. Plaintiff has named the following four individuals as Defendants: (1) Rodney D. Monroe, identified as the Chief of Police with the Charlotte-Mecklenburg County Police Department at all

1

relevant times; (2) Brian Scharf, identified as a sergeant with the Charlotte-Mecklenburg County Police Department at all relevant times; (3) Michael B. Peacock, identified as a detective with the Charlotte-Mecklenburg County Police Department at all relevant times; and (4) Adrian Washington, identified as a detective with the Charlotte-Mecklenburg County Police Department at all relevant times.

Plaintiff's conviction arose from armed robberies that occurred in December 2011. Plaintiff is essentially complaining that Defendants engaged in wrongful conduct in relation to Plaintiff's conviction in this Court. Plaintiff alleges throughout his Complaint that he was wrongly convicted based on Defendants' "untrue testimony" and various misdeeds related to the robbery investigation, including Defendants' reliance on "statements" by victims/witnesses who did not speak or write in English. (Doc. No. 1 at 3-5). Plaintiff suggests that Defendants fabricated these witness statements. Plaintiff alleges that "the misuse of authority and improper police work done by the Defendants caused Plaintiff Baker his constitutional right to due process and the right to a fair and impartial trial." (Id. at 5). As his requested relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive and declaratory relief. (Id. at 3). Specifically, he seeks a declaratory judgment from the Court that Defendants violated his constitutional rights, and he also "seek[s] recovery of cost for all money spent on getting relief from the false accusations made against him by Defendants." (Id. at 5-6).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

3

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in his Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Indeed, he has alleged that his conviction has not been reversed. Therefore, his claims are barred by Heck.

**IV. CONCLUSION**

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

2. This action is **DISMISSED** without prejudice.

3. The Clerk is directed to close this case.

_____
Frank D. Whitney
Chief United States District Judge